# EXHIBIT "A"

ELECTRONICALLY FILED - 2022 May 06 4:22 PM - GEORGETOWN - COMMON PLEAS - CASE#2022CP2200375

| | | | |
|---|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS | |
| | ) | IN THE 15TH JUDICIAL CIRCUIT | |
| COUNTY OF GEORGETOWN | ) | CASE NO: 2022-CP-22- | |
| Harris Chewning, IV, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | **SUMMONS** | |
| | ) | **(JURY TRIAL DEMANDED)** | |
| William L. Rogers, | ) | | |
| | ) | | |
| Defendant. | ) | | |
| | ) | | |

**TO THE DEFENDANT ABOVE NAMED:**

YOU ARE HEREBY SUMMONED AND REQUIRED to answer the Complaint in this action, of which a copy is herewith served upon you, and to serve a copy of your Answer to said Complaint on the below subscribed attorney at her office at 97 Broad Street, Charleston, South Carolina 29401 within thirty (30) days after the service hereof exclusive of the day of such service; and if you fail to answer the Complaint within the time aforesaid, the Plaintiff in this action will apply to the Court for the relief demanded in this action.

s/Christy Ford Allen
Christy Ford Allen (SC Bar #15649)
WILLS MASSALON & ALLEN LLC
Post Office Box 859
Charleston, South Carolina 29402
(843) 727-1144
callen@wmalawfirm.net

ATTORNEYS FOR PLAINTIFF

CHARLESTON, SC

May 6, 2022

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | IN THE 15TH JUDICIAL CIRCUIT |
| COUNTY OF GEORGETOWN | ) | CASE NO: 2022-CP-22- |
| Harris Chewning, IV, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT** |
| | ) | **(JURY TRIAL DEMANDED)** |
| William L. Rogers, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff, Harris Chewning, IV, files this Complaint against Defendant William L. Rogers:

1. Plaintiff Harris Chewning, IV (hereinafter "Plaintiff") is a resident of Georgetown County, South Carolina.

2. Upon information and belief, Defendant William L. Rogers (hereinafter "Defendant") is a citizen of a state other than South Carolina.

3. This court has jurisdiction over the subject matter and persons in this action.

4. Plaintiff resided in Georgetown County at the time the cause of action alleged herein arose, and substantial parts of the alleged acts giving rise to the cause of action occurred in Georgetown County, thus making Georgetown County, South Carolina appropriate venue.

### FOR A FIRST CAUSE OF ACTION
### Defamation

5. Plaintiff and Defendant were two (2) of four (4) co-members in a South Carolina limited liability company with its principal place of business in Georgetown County named Point Farm Ventures, LLC ("PFV").

6. Point Farm Ventures, LLC was formed in 2018 for the purpose of taking ownership in a different venture, Point Farms Investors, LLC, ("PFI"), involving PFI's purchase and development of a large parcel of land in Charleston County, South Carolina known as Wilson Point.

7. ATC, LLC was the Manager of PFV.

8. Defendant owned 50% membership of PFV, and 50% membership in ATC.

9. Defendant's 50% interest in PFV or ATC did not give him controlling interest in either company.

10. Plaintiff and the other two members of PFV owned the other 50% interest.

11. In the fall of 2021, PFI was scheduled to close a transaction wherein PFI would collect between 15 to 19 million US Dollars arising from the state and federal regulatory approval of a mitigation bank and sale of certain resulting mitigation credits to a third-party.

12. As an owner in PFI, PFV stood to benefit from that transaction, by way of the reduction in debt within PFI and infusion of cash with which to continue the development plan.

13. Immediately after the final regulatory approval of the PFI mitigation bank in the summer of 2021, certain other PFI members and Defendant began to discuss the sale of PFV's interest in PFI.

14. Defendant acted in secret and without authority from the Plaintiff, PFV's Manager, or the other two PFV members to negotiate an agreement with certain other owners in PFI whereby PFV would be forced to give up its interest in PFI in order for the larger Wilson Point mitigation credit sale closing to take place.

15. Upon learning of the terms of the secret negotiation by Defendant on or about September 8, 2021, Plaintiff expressed that he did not agree to the terms negotiated by Defendant.

16. Plaintiff and the other two owners of PFV disagreed with Defendant, the fourth owner in PFV, with regard to the terms under which Rogers had negotiated for PFV to sell out of PFI, and with regard to how the consideration flowing to PFV would be distributed between and among the PFV owners.

17. On September 14, 2021, Plaintiff, along with the other two members of PFV (making up 50% interest), agreed to the terms Defendant negotiated on the condition that Defendant agree to a specific adjustment to the PFV distribution whereby: (1) Plaintiff and the other two members in PFV would together receive approximately $446k more in cash from the PFV distribution of sale proceeds; (2) Plaintiff, and the other two members in PFV would agree to assign and transfer all interest in PFV to Defendant, including the approximately $1 million in notes and corresponding interest payable to PFV in 2023, and (3) ATC would resign as Manager of PFV.

18. On October 8, 2021, Plaintiff and the other two members of PFV signed and delivered the agreement selling PFV interest in PFI to the other PFI members.

19. In December 2021, Plaintiff actually performed all of the other terms of the September 14, 2021 agreement, including consent to the sale of PFV's interest in PFI, assignment of certain non-cash proceeds to Defendant, assignment of all interest in PFV to Defendant, resignation of ATC as Manager of PFV, and caused PFV to make the adjusted distribution in the exact way it was previously disclosed to Defendant.

20. On January 28, 2022, Defendant filed a civil action in federal court against the Plaintiff and the other PFV members, alleging, among other things, that they breached the PFV Operating Agreement by taking more of the PFV proceeds than they were entitled to.

21. Plaintiff denies those claims, and is defending that action.

22. That on or about February 3, 2022, Defendant published an email addressed to Plaintiff, the other two member of PFV, and copied himself and Mr. James Lumsden.

23. That James Lumsden was neither an owner of PFI nor PFV, nor had any interest in the PFV/PFI transaction.

24. Defendant made the following statement in this Email #1: "It was also disappointing to see in the Point Farm Ventures' records that you sent that "your, Doug McMillan's, hands were in the till" equal with Tom Rowland's hands in the $1 million cash theft. . . It is unfortunate that since Tom owed you monies also . . . that you two are now equal "plotters in taking from others " ? [ The "others" being my family . . .]."

25. On February 26, 2022, Defendant did publish an email to Harold Stowe and copied himself in Email #2.

26. That Harold Stowe is not an owner in PFV, LLC, nor had any interest in the PFV/PFI transaction.

27. Rogers wrote in Email #2 the following: "Harold, I hope you are able to open this attachment. This is not a business disagreement. This is theft. . . When there are a large number of legal hours to be involved; then, the theft of $1 million seems to become: filing, response, move to dismiss, reply, etc., etc., ? Frustrating. . . . What Tom, Doug & Harris have done is to steal blatantly in a carefully concocted scheme . . . and then to use the stolen monies to run and taunt. What tom is doing in not being truthful with you in your conversation with him … is just not fair to you. . . . [But again, for me, they have stolen from my family ; and it is my duty to my family that I pursue Tom, Doug & Harris' theft.]"

28. The attachment to Email #2 appears to have been a copy of the civil complaint Defendant had recently filed.

29. On March 22, 2022, Defendant did publish another email to Harold Stowe referring directly to Plaintiff.

30. That in Email #3 Rogers stated, and highlighted in yellow, the following statement: "However, beyond that, you are now facing not just failures to pay, but also civil actions and potential criminal liability related to Point Farms…"

31. Upon information and belief, Rogers has also spoken by phone with a former ATC affiliate and now competitor with Plaintiff, Mr. Dan H. Stuckey, and asserted similar false statements that Plaintiff is involved in criminal activity.

32. That Stuckey is neither an owner in, nor involved in the PFV/PFI project or transaction.

33. That Defendant knows that Lumsden, Stowe, and Stuckey are not owners in, nor have any interest in the PFV/PFI transaction.

34. Upon information and belief, Rogers has communicated similar statements to other persons, including Marc Noel, Eric Weir, and Jim Blair, none of whom had an interest in PFV.

35. These statements refer directly to and identify Plaintiff.

36. These statements are false.

37. Defendant knows that Plaintiff has not been charged, much less convicted of any crime of theft or similar crime.

38. Defendant knows or should know that theft or embezzlement are crimes where a person takes from another person something that belongs to the other person, or where a person is entrusted with funds which belong to another person.

39. Defendant knows or should know that disputes between business partners over who is entitled to what part of their own company's funds cannot constitute theft or embezzlement.

ELECTRONICALLY FILED - 2022 May 06 4:22 PM - GEORGETOWN - COMMON PLEAS - CASE#2022CP2200375

40. Statements that Plaintiff has committed a crime, is a thief, and plotted to steal from Defendant's family tends to harm the reputation of Plaintiff, seeks to lower him in the estimation of the community, and seeks to deter third person from associating or dealing with him.

41. These statements by Defendant were all unprivileged communications to persons having no interest in the PFV transaction.

42. Plaintiff is a private figure.

43. The statements made by Defendant are defamatory and actionable per se because they charge Plaintiff with commission of a crime of moral turpitude and unfitness in one's business or profession.

44. Even though defamation per se does not require a showing of actual malice, Defendant's actions in sending these emails to persons in other businesses with Plaintiff was activated by ill will and designed to injure the Plaintiff causelessly and wantonly.

45. As a result of the Defendant's defamatory statements, Plaintiff has suffered damages to his reputation, and is at risk of losing future business opportunities.

46. Plaintiff is entitled to an award of actual, compensatory, reputational, and punitive damages against Defendant.

WHEREFORE, Plaintiff prays judgment against the defendant for actual damages, together with compensatory, reputational, and punitive damages in an appropriate amount, for the costs of this action, and for such other and further relief as the Court may deem just and proper.

> s/Christy Ford Allen
> Christy Ford Allen (SC Bar #15649)
> WILLS MASSALON & ALLEN LLC
> Post Office Box 859

ELECTRONICALLY FILED - 2022 May 06 4:22 PM - GEORGETOWN - COMMON PLEAS - CASE#2022CP2200375

         Charleston, South Carolina  29402
         (843) 727-1144
         callen@wmalawfirm.net

         ATTORNEYS FOR PLAINTIFF

CHARLESTON, SC

May 6, 2022

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | IN THE 15TH JUDICIAL CIRCUIT |
| COUNTY OF GEORGETOWN | ) | CASE NO: 2022-CP-22-00375 |
| Harris Chewning, IV, | ) | |
| Plaintiff, | ) | |
| v. | ) | **ACCEPTANCE OF SERVICE** |
| William L. Rogers, | ) | |
| Defendant. | ) | |

Pursuant to Rule 4 of the South Carolina Rules of Civil Procedure, I, Rhett M. DeHart, Esquire, hereby acknowledge and accept service of the Summons and Complaint in the above-captioned action on behalf of Defendant William L. Rogers this 19th day of May, 2022.

_M. Rhett DeHart_
Rhett M. DeHart, Esquire
Womble Bond Dickinson LLP
5 Exchange Street
Charleston, SC 29401
843-720-4665
M.Rhett.DeHart@wbd-us.com

ATTORNEYS FOR DEFENDANT

Charleston, South Carolina